UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| IAN PATRICK ODLE,<br><br>  Petitioner,<br><br>vs.<br><br>JENNIFER MALONE,<br><br>  Respondent. | 4:25-CV-04218-RAL<br><br>OPINION AND ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS |

Petitioner Ian Patrick Odle filed a petition for writ of mandamus. Doc. 1. Odle paid the full filing fee. Odle claims this Court has jurisdiction over this action pursuant to the All Writs Act, 28 U.S.C. § 1651. Id. at 1.

I.  **Facts Alleged by Odle**

Odle seeks a writ of mandamus compelling Jennifer Malone "to perform a clear, ministerial duty prescribed by law and binding agreement, and for an order requiring Specific Performance of an obligation which Defendant has wrongfully refused to execute." Id. Malone is the Clerk of Court for Kingsbury County, South Dakota. Id. at 2; Doc. 1-1 at 11. According to Odle, Malone "was appointed as a trustee to preform [sic] a ministerial duty of immediate performance[]" on August 8, 2025, and that performance of this duty would allow Odle "to preserve his interests in his trust property and marital property[.]" Doc. 1 at 2. Odle alleges that he delivered documents to Malone that "show[] he is entitled to credits in his name" but that Malone "refused and continues to refuse to preform [sic] in her ministerial capacity, as a civil officer charged with administration of the laws incumbent upon her due to private assignment." Id. (emphasis omitted). Odle alleges that "[a] valid and enforceable agreement exists between [himself and Malone], the terms of which

are clear, fair, and definite, as an assignment of right and has been noticed via recording laws in the county of Kingsbury, South Dakota." Id. at 3 (emphasis omitted). Odle alleges that he "stands ready, willing, and able to perform all obligations under the agreement." Id. (emphasis omitted).

As relief, Odle requests that this Court issue a writ of mandamus ordering Malone "to deposit into court the interests of the plaintiff in the form of a deliverable thing/full faith and credit incontestable guarantee That the defendant register the plaintiffs trust agreement and recognize its executed provisions as law and fact." Id. at 4 (capitalization and grammar errors in original). Additionally, because Odle alleges that "[m]onetary damages are inadequate and impracticable," he requests specific performance "of the agreement at issue, compelling [Malone] to carry out all terms forthwith[.]" Id. (emphasis omitted).

## II.     Lack of Subject Matter Jurisdiction

Because Odle petitions this Court for a writ of mandamus compelling Malone "to perform a clear, ministerial duty prescribed by law and binding agreement," id. at 1, this Court evaluates Odle's request under the mandamus statute, 28 U.S.C. § 1361. Pursuant to 28 U.S.C. § 1361, a federal district court has original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." But "[b]y its terms, 28 U.S.C. § 1361 does not apply to state officials." Rogers v. Wasko, No. 4:23-CV-04182-RAL, 2023 WL 8355133, at *2 (D.S.D. Dec. 1, 2023), aff'd, 2024 WL 2884074 (8th Cir. Jan. 29, 2024). Therefore, this Court lacks subject matter jurisdiction under § 1361. See Longie v. Spirit Lake Tribe, 400 F.3d 586, 591 (8th Cir. 2005) (affirming the district court's dismissal for lack of subject matter jurisdiction under § 1361 when the plaintiff failed to name a federal officer as a defendant).

Odle also claims that this Court has jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651. Doc. 1 at 1. Under the All Writs Act, federal district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usage and principles of law." 28 U.S.C. § 1651(a). Three conditions must be satisfied before a writ of mandamus may issue pursuant to 28 U.S.C. § 1651(a). Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380 (2004). First, the petitioner must have no other adequate means of attaining relief. Id. Second, the petitioner has "the burden of showing that his right to issuance of the writ is clear and indisputable." Id. at 381 (cleaned up). Finally, the court must be satisfied that the writ is appropriate under the circumstances, even if the first two prerequisites are met. Id.

In this case, it is not necessary for the Court to analyze each of the Cheney factors because the officer Odle seeks to compel performance from is the Clerk of Kingsbury County, an officer of the Third Judicial Circuit of South Dakota. See Doc. 1-1 at 11. The United States Court of Appeals for the Eighth Circuit has instructed that the actions of a "state court are completely outside the field in which" a federal district court can undertake review and correction pursuant to 28 U.S.C. § 1651(a). See Middlebrooks v. Thirteenth Jud. Dist. Cir. Ct., Union Cnty., 323 F.2d 485, 486 (8th Cir. 1963) (per curiam); see also Rivera v. Minnesota, No. 22-CV-1129, 2022 WL 4298745, at *2 (D. Minn. Sept. 19, 2022) (holding that a plaintiff could not obtain relief under the All Writs Act "because federal courts do not have the power to issue a writ of mandamus to a state court."); Veneri v. Cir. Ct. of Gasconade Cnty., 528 F. Supp. 496, 498 (E.D. Mo. 1981) (stating that "it is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). Therefore, this Court lacks jurisdiction under 28 U.S.C. § 1651 to grant Odle's requested relief.

### III.  State-Law Breach of Contract Claim

Additionally, Odle appears to make a state-law breach of contract claim. Doc. 1 at 3–4. Odle alleges that "[a] valid and enforceable agreement exists between [Odle] and [Malone], the terms of which are clear, fair, and definite, as an assignment of right and has been noticed via recording laws in the county of Kingsbury, South Dakota." Id. at 3. "[B]y failing and refusing to perform, in violation of equitable principles of justice[,]" Odle alleges that Malone breached this agreement, and requests that this Court "order specific performance of the agreement at issue, compelling [Malone] to carry out all terms forthwith[.]" Id. at 3–4 (emphasis and capitalization in original omitted).

Because federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), this Court must consider whether Odle's breach of contract claim involves a dispute or controversy within its jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court has jurisdiction over two main kinds of cases: "diversity cases—suits between citizens of different States as to any matter valued at more than $75,000. See 28 U.S.C. § 1332(a). And they have power to decide federal-question cases—suits 'arising under' federal law. § 1331." Badgerow v. Walters, 596 U.S. 1, 8 (2022).

Based on Odle's filings, both he and Malone appear to be citizens of South Dakota.[1] Doc. 1 at 2. Therefore, he has failed to establish diversity jurisdiction. See Owen Equip. & Erection

---

[1] Odle does not explicitly state that Malone is a citizen of South Dakota, though Kingsbury County where Malone is clerk of court is within South Dakota and distant from any state border. Regardless, Odle has failed to meet his burden of establishing the requirements for diversity jurisdiction because he has alleged no facts that Malone is a citizen of another state. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." (citation omitted)).

Co. v. Kroger, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original). Odle also cannot establish federal-question jurisdiction because his claims arising under South Dakota state law do not arise "under the Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331. Therefore, Odle's state-law breach of contract claims are dismissed for lack of subject matter jurisdiction.

## IV.   Conclusion

Accordingly, it is

ORDERED that Odle's petition for a writ of mandamus, Doc. 1, is denied because this Court lacks subject matter jurisdiction under both 28 U.S.C. § 1361 and 28 U.S.C. § 1651. It is further

ORDERED that Odle's state law breach of contract claim is dismissed for lack of subject matter jurisdiction. It is finally

ORDERED that this action is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

DATED December 31st, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE